IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD D. GADDIS,** | |
| **Plaintiff,** | |
| v. | Case No. 19-CV-01334-SPM |
| **BRAD BLEYER,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On December 6, 2019, Plaintiff Donald D. Gaddis brought this 42 U.S.C. § 1983 action stating that in July 2019, his vehicle was towed from the Williamson County Courthouse in Marion, Illinois and he was forced to pay a $100.00 impoundment fee to retrieve the vehicle (Doc. 1, pp. 1-3). Gaddis further states that an administrative order signed by Defendant Brad Bleyer, the Williamson County Circuit Judge, directing security personnel to tow Gaddis's vehicle if it was parked withing 300 feet of the courthouse caused the incident (*Id.*, p. 2).

Gaddis brings claims under the Civil Rights Act of 1964 (42 U.S.C. §§ 1983 and 1988) alleging 1) deprivation of property without due process in violation of the Fourteenth Amendment because he did not receive notice or an opportunity to be heard before the vehicle was towed and 2) deprivation of a liberty interest without due process in violation of the Fourteenth Amendment because he was deprived of the right to park in parking lots available to the public (*Id.*, pp. 3-5). Pending before the Court is Judge Bleyer's Motion to Dismiss the Complaint and a memorandum in support of dismissal (Docs. 17, 18). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Gaddis's Complaint fails to state a claim upon which relief can be granted. Regarding his first claim, towing Gaddis's vehicle without notice and a hearing did not violate his due process rights under the Fourteenth Amendment. Applying the standard in *Mathews v. Eldridge*, 424 U.S. 319 (1976), due process does not require a pre-deprivation hearing before an illegally parked vehicle is towed where post-deprivation remedies exist. *Sutton v. City of Milwaukee,* 672 F.2d 644, 646 (7th Cir. 1982). Concerning his second claim, a prohibition leading to Gaddis's inability to park a vehicle in a public area does not constitute an infringement of his liberty interests. *See Tang v. City of Chicago*, 1997 WL 403513, at *2 (N.D. Ill. July 16, 1997); *see also Minx v. Village of Flossmoor*, 724 F.Supp. 592, 593 (N.D. Ill. 1989).

Accordingly, the Court **GRANTS** Defendant Brad Bleyer's Motion to Dismiss (Doc. 17) and Plaintiff Donald D. Gaddis's claims are **DISMISSED with prejudice** due to futility. Consequently, the Court also **DENIES** Gaddis's Motion to Strike (Doc. 21) and Motion for Order (Doc. 22) as **MOOT**. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

    IT IS SO ORDERED.

    DATED: February 18, 2021

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge